IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JORGE GAMEZ-NIETO,

                 Petitioner,           OPINION AND ORDER

v.

                                              16-cv-476-wmc
                                              14-cr-14-wmc

UNITED STATES OF AMERICA,

                 Respondent.

---

Petitioner Jorge Gamez-Nieto filed a motion to vacate his plea and judgment of conviction under 28 U.S.C. § 2255 due to ineffective assistance of counsel. The court directed the government to respond to this petition, to which Gamez-Nieto chose not to file a reply brief. After considering the record in this case and the parties' arguments and supporting materials, the court concludes that Gamez-Nieto is not entitled to relief and will, therefore, dismiss this petition.

BACKGROUND

Gamez-Nieto was charged in a four-count indictment on January 29, 2014. On April 30, 2014, he signed a written agreement to plead guilty to: Count 3, possession with intent to distribute 500 grams or more of cocaine in violation of 21 U.S.C. § 841(a)(1); and Count 4, possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c). The first paragraph of the plea agreement outlined the potential penalties that he would face: Count 3 carried "a minimum penalty of five years in prison, and maximum

penalties of forty years in prison"; and Count 4 carried "a mandatory minimum five year term of imprisonment, to be served consecutively to the sentence imposed on Count 3."

On May 15, 2014, Gamez-Nieto appeared in this court for his guilty plea hearing. During that hearing, the court first placed Gamez-Nieto under oath and asked him a series of questions about his age, education and whether he understood the court's questions. Having received satisfactory responses, the court then asked Gamez-Nieto whether he had had enough time to talk to his attorney about the nature of the charges, the facts the government believed it could prove if the matter went to trial and the sentencing guidelines. (CR (dkt. #52) at 6-7.) Gamez-Nieto responded in the affirmative. (*Id.*) After reviewing the charges in Counts 3 and 4, the court further asked Gamez-Nieto whether he understood that "the combination of the two counts, if you were found guilty of both, would mean a minimum penalty -- minimum sentence of ten years in prison and a potential maximum of life in prison…. You understand those are the maximums that you could face and indeed the minimum of ten years that you would face if found guilty?" (*Id.* at 7-8.) Gamez-Nieto again responded "Yes."

The court next had the Assistant U.S. Attorney summarize the plea agreement, advising Gamez-Nieto to listen carefully, because he would be asked whether the summary was consistent with his understanding of the written plea agreement. Following that summary, Gamez-Nieto confirmed that it was. Immediately following that exchange, the court asked Gamez-Nieto whether anyone made him any promises not contained in the plea agreement, threatened him or forced him to plead guilty, to which Gamez-Nieto responded "No."

OPINION

Petitioner seeks collateral relief from conviction based on his trial counsel's failure to advise him of the direct consequences of his plea and appellate counsel's failure to identify this as a viable issue on appeal. However, petitioner has not demonstrated that he would be entitled to relief under the demanding standard set forth in *Strickland v. Washington*, 466 U.S. 668 (1984), requiring both constitutionally deficient performance by counsel *and* actual prejudice as a result of the alleged deficiency. *See Williams v. Taylor*, 529 U.S. 390, 390–91 (2000). More specifically, in the context of a guilty plea, the prejudice prong requires a petitioner demonstrate a reasonable probability that, *but for counsel's deficient performance*, the petitioner would not have pleaded guilty and would have insisted on going to trial. *Lafler v. Cooper*, 566 U.S. 156, 163 (2012); *Moore v. Bryant*, 348 F.3d 238, 241 (7th Cir. 2003).

Here, petitioner Gamez-Nieto has failed to demonstrate that his counsel was ineffective in a way that would have caused him to go to trial. In particular, petitioner claims that his trial counsel failed to: (1) challenge the government's evidence against him, (2) advise him that the plea would render him ineligible for certain government-provided benefits, and (3) challenge the 120-month sentence in open court. Petitioner further claims that his appellate counsel's failure to raise the 120-month challenge on appeal constitutes ineffective assistance as well. Petitioner's brief in support argues in more general terms that his plea was not voluntary due to his counsel's deficient performance.

Petitioner's stated grounds for relief are lacking in detail, and none suggests that his counsel were constitutionally deficient. First, petitioner's challenge to his trial counsel's failure to challenge the government's evidence against him is a non-starter because he has submitted

3

*no* evidence or averments suggesting that the government would be unable to prove the elements of Counts 3 and 4. Moreover, during his plea colloquy, petitioner was given an opportunity to listen carefully to a recital of the essential facts the government believed it could prove and indicate if there was anything the government could *not* prove. Both he and his counsel acknowledged there was not. Second, even assuming that his counsel failed to tell him that he would lose or become ineligible for certain benefits, petitioner has submitted no evidence suggesting that these benefits were important to him, much less that he would *not* have pleaded guilty had he known about those consequences. Third, while petitioner believes that both his trial and appellate counsel should have challenged the 120-month minimum sentence, he provides no specific basis upon which his trial or appellate counsel could have pursued a sentence below that mandatory minimum sentence.

To the extent petitioner is claiming that his plea was not voluntary, the record confirms the opposite. As an initial matter, the plea agreement itself was explicit that Counts 3 and 4 *would* result in a minimum of two, five-year terms of imprisonment to run consecutively. To the extent that agreement was even arguably less than clear that petitioner would receive at least a 120-month term of imprisonment, the court's exchange with petitioner -- in which the court asked petitioner directly if he understood that he would be subject to *at least* ten years of imprisonment were he to plead guilty -- removed any doubt. As such, the court sees no basis to disturb the plea agreement or sentence.

Under Rule 11 of the Rules Governing Section 2254 Cases (which can be applied to cases under § 2241 as well), the court must issue or deny a certificate of appealability when entering a final order adverse to a petitioner. The question is whether "reasonable jurists could

4

debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal quotations and citations omitted). Because petitioner has not made a substantial showing of a denial of a constitutional right, no certificate will issue.

ORDER

IT IS ORDERED that:

(1) Petitioner Jorge Gamez-Nieto's motion to vacate pursuant to 28 U.S.C. § 2255 (dkt. #1) is DENIED and his petition is DISMISSED.

(2) A certificate of appealability will not issue.

Entered this 1st day of August, 2018.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge